**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS**

| | |
|---|---|
| **RUSSELL LEE KEITH,** | ) |
| | ) |
| **Plaintiff,** | ) |
| | ) |
| vs. | )  Civil Case No.  03-752-WDS-PMF |
| | ) |
| **KATHLEEN HAWK-SAWYER, et al.,** | ) |
| | ) |
| **Defendants.** | ) |

## REPORT AND RECOMMENDATION

**FRAZIER, Magistrate Judge:**

Before the Court is defendants' second motion for summary judgment (Doc. No. 41). An earlier request for summary judgment was granted in part, after it was determined that claims for injunctive relief against the FCI-Greenville defendants were moot. Plaintiff's request for declaratory relief from Kathleen Hawk-Sawyer, the religious issues committee members, and G.L. Hershberger remains. These defendants seek judgment on the basis that this claim is also moot following plaintiff's transfer. The motion is opposed on the basis that the conditions described in the Complaint continue to occur (Doc. No. 50).

Plaintiff filed this action while he was confined at FCI-Greenville. He seeks judgment declaring that the defendants have violated and are violating his First Amendment right to practice his religious beliefs as well as statutory rights under the Religious Freedom Restoration Act and the Religious Land Use and Institutionalized Persons Act.

Summary judgment is proper where "the pleadings, depositions, answers to interrogatories,

and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c); *see also Celotex Corp. v. Catrett*, 477 U.S. 317, 322-23 (1986). To determine whether there is a genuine issue of material fact, courts construe all facts in the light most favorable to the non-moving party and draw all reasonable and justifiable inferences in favor of that party. *See Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255 (1986).

### I.      Background

Plaintiff has been in the custody of the Bureau of Prisons since 1992. He follows the beliefs of the Christian Identity Church and has been ordained as a Christian Identity pastor. Beginning in 1994, plaintiff has observed his religious beliefs by participating in a religious diet program. Beginning in 1996, plaintiff received permission to exercise other aspects of his faith, including the observance of holy days and feast days. He was transferred to FCI-Greenville in May, 2001.

In September, 2001, plaintiff received permission from the warden at FCI-Greenville to observe a holy day known as the Day of Atonement.

In February, 2002, plaintiff participated in an interview with a chaplain and provided information about his religion by providing answers to a questionnaire (form MISC-100). When asked whether his religion is open to all inmates, plaintiff responded "Only those of White/Aryan Adamic blood." At about the same time, the warden at FCI-Greenville received information confirming that the Christian Identity Church ascribes to principles of racial separation and that persons of color would not be welcome participants in Christian Identity religious programs.

In March, 2002, the warden at FCI-Greenville informed plaintiff that the Bureau of Prisons

did not recognize his church. On March 31, 2002, the chaplain at FCI-Greenville informed plaintiff that arrangements would be make to allow observance of holy days and feast days "while we await for the completion of the process to your MISC-100 from the higher level." On April 2, 2002, defendant Hershberger responded to plaintiff's administrative remedy appeal, explaining that "the Christian Identity Faith is not authorized to be practiced within the Federal Bureau of Prisons." He said it would violate prison policy and pose a threat to institutional safety and security to restrict religious services to Caucasians.[1]

Since April, 2002, plaintiff has not received access to a prison Chapel or funds to exercise his Christian Identity beliefs and has not been provided with Christian Identity instruction books, video tapes, or other services.

In March, 2003, plaintiff was transferred from FCI-Greenville to a different facility. He remains in the custody of the Bureau of Prisons, and is currently confined at FPC-Lompoc. There is a very low probability that plaintiff will be transferred to FCI-Greenville at some point in the future. Following plaintiff's transfer, the conditions giving rise to plaintiff's claims have continued at other facilities managed by the Bureau of Prisons.

Chaplains manage religious activities within a prison facility, making decisions regarding religious diets, programs, services, ceremonies, and meetings. 28 C.F.R. § 548.12; Program Statement P5360.09. Chaplains "plan, direct, and supervise all aspects of the religious program." Program Statement P5360.09. Inmates may aks chaplains to introduce new religious components to a religious program. When a decision cannot be reached locally, a religious issues committee will

---

[1] The Bureau of Prisons' policy regarding religious beliefs and practices provides that opportunities for religious activities are open to the entire inmate population, without regard to race, color, nationality, or ordinarily, creed. Program Statement P5360.09 (2004).

review inmate requests for introducing new religious components. *Id*.

At various times, plaintiff submitted forms to prison chaplains in an effort to obtain official BOP approval of his religion. The central office's response to plaintiff's administrative remedy request indicates that the religious issues committee did not receive plaintiff's MISC-100 form.

Bruce Fenner is an assistant chaplain administrator for the Bureau of Prisons. At some point, he searched the records maintained by the religious issues committee for the years 2002 and 2003. The forms submitted by plaintiff could not be located.

## II.     Mootness

Defendants argue that the remaining claim for declaratory relief is moot, following plaintiff's transfer. Plaintiff argues that his remaining claim presents a justiciable case or controversy.

Article III of the Constitution limits the judicial power to the adjudication of "Cases" or "Controversies." § 2. "The controversy must be definite and concrete, touching the legal relations of parties having adverse legal interests." *Aetna Life Ins. Co. v. Haworth*, 300 U.S. 227, 240-41 (1937). In *Mellen v. Bunting*, 327 F.3d 355, cadets at a military college brought an action against the college's superintendent, alleging violation of religious freedoms. The District Court awarded declaratory and injunctive relief. On appeal, the Court of Appeals vacated the judgment, finding that the cadets' challenges to the constitutionality of school policies became moot upon the cadets' graduation. In *Moore v. Thieret*, 862 F.2d 148, 149 (7th Cir. 1988), an appeal from an order denying a motion for preliminary injunction was dismissed as moot, following the inmate's transfer to another prison.

Plaintiff has not been released from prison – he remains in the custody of the Bureau of Prisons and still faces restrictions on his freedom to exercise his Christian Identity religious beliefs.

However, following his transfer, the dispute regarding the constitutionality of his confinement has evolved from a challenge to the restrictions and accommodations offered to inmates confined at FCI-Greenville to a challenge to the conditions at FPC-Lompoc. The facts outlined above point to only one conclusion: that decisions regarding plaintiff's requests for accommodation of his religious beliefs at FCI-Greenville were made at that facility. Hence, while similar conditions persist, the parties have changed. The only "live" controversy exists between plaintiff and the chaplain at FPC-Lompoc, who is not a party to this litigation. There is no live controversy between plaintiff and the remaining defendants: Kathleen Hawk-Sawyer, members of the religious issues committee, or G.L. Hershberger. Plaintiff's remaining claim for declaratory relief is moot.

### III.   Conclusion

IT IS RECOMMENDED that defendants' second motion for summary judgment (Doc. No. 41) be GRANTED as follows. Plaintiff's remaining claim for declaratory relief should be dismissed as moot.

SUBMITTED:  August 1, 2007  .

*s/Philip M. Frazier*
**PHILIP M. FRAZIER**
 **UNITED STATES MAGISTRATE JUDGE**