IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| RUSSELL LEE KEITH, )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>KATHLEEN HAWK-SAWYER, )<br>G.L. HERSHBERGER, )<br>)<br>Defendants. ) | <br><br><br><br>CAUSE NO. 03-CV-752-WDS |

**MEMORANDUM & ORDER**

**STIEHL, District Judge:**

Before the Court is a Report and Recommendation of United States Magistrate Judge Philip M. Frazier (Doc. 52) that defendants' second motion for summary judgment (Doc. 41) be granted. Plaintiff has filed objections to the recommendation (Doc. 53); therefore, pursuant to 28 U.S.C. § 636(b)(1), the Court will review *de novo* those portions of the recommendation to which written objections were made.

**A.   DISCUSSION**

**1.   Procedural Background**

Before addressing the merits of the plaintiff's objections to the magistrate's recommendation, the Court will make a brief review of the procedural history of this case. Plaintiff initially sought injunctive and declaratory relief against all of the named defendants based on his claim that they violated his First Amendment right to practice his religion, the Christian Identity Religion, while he was housed at Federal Correctional Institute-Greenville, within the Bureau of Prisons system (BOP). He also claims that the actions of the defendants violated his rights under the Religious Freedom Restoration Act of 1993 (RFRA), 42 U.S.C. § 2000bb-1(a) (1993), and

under the Religious Land Uses and Institutionalized Persons Act of 2000 (RLUIPA), 42 U.S.C. § 2000cc-1. Plaintiff seeks both injunctive relief and declaratory relief.

In a prior Order (Doc. 37), the Court granted summary judgment in favor of defendants Charles R. Gilkey and Philip W. Chapman, and unnamed Religious Committed Members on all of plaintiff's claims based on the fact that plaintiff has been transferred from FCI-Greenville, rendering all of his claims moot. Therefore, the only remaining defendants in this action are the national BOP defendants, Katheleen Hawk-Sawyer and G.L. Hershberger. They seek summary judgment on all remaining claims.

**2.      Factual Background**

Plaintiff has been in the custody of the BOP since 1992. He was transferred to FCI-Greenville in May where he sought to practice his religion. In March of 2002, in response to plaintiff's administrative remedy request, Gilkey informed plaintiff that the BOP did not authorize the Christian Identity Faith to be practiced. In April of 2002, Hershberger denied plaintiff's administrative remedy appeal, explaining that practicing the Christian Identity Faith violated BOP Program Statement 5360.08. Hershberger also explained that "the Christian Identity Faith has been denied the right to practice because the functions of the group are considered to [sic] a threat to the security interests and the safe and orderly running of an institution." *Id*. While at FCI-Greenville, plaintiff did not receive access to a prison Chapel or funds to exercise his religion, nor has he been provided with Christian Identity instruction books, video tapes, or other services. In March of 2003, plaintiff was transferred out of FCI-Greenville. He remains in the custody of the BOP, but is currently confined in a federal prison in Lompoc, California. He asserts that he still has not received access to these materials.

  **3.** **Plaintiff's Claims**

    a. Plaintiff's Request for Declaratory Relief against the Remaining Defendants

 Plaintiff seeks a judgment declaring that the defendants violated plaintiff's First Amendment right to practice his religious beliefs as well as plaintiff's statutory rights under the RFRA and the RLUIPA while he was housed at FCI-Greenville, and so seeks redress for past violations.  In addition,  he seeks the current remedy of injunctive and declaratory relief to compel the defendants to provide: (1) time, space and resources necessary for practice his Christian Identity Religion within the Bureau of Prisons system; and (2) formal recognition by the Bureau of Prisons system of the Christian Identity Religion.

**B** **ANALYSIS**

 Initially, the Court notes that the plaintiff is no longer housed at FCI-Greenville, and that among his claims, he seeks to have this Court direct the Bureau of Prisons to recognize the Christian Identity religion.  He seeks both declaratory and injunctive relief on this claim.  The Court **FINDS** that with respect to plaintiff's claims for declaratory and injunctive relief that the Bureau of Prisons be directed to recognize the Christian Identity Religion, the fact that the defendant has been transferred out of this district is fatal to his claims here.  The Court, sua sponte, **DISMISSES** these claims, without prejudice.  The Court cannot grant the injunctive or declaratory  relief he seeks as to this claim because he is no longer within the jurisdiction of this Court.

 Therefore, the only remaining claim of plaintiff is that the national defendants, while he was housed at FCI-Greenville, violated his First Amendment rights when they denied his

requests that they recognize his religion. It is well settled that a prisoner's claims against the personnel of a prison institution do not present a continuing case or controversy when the prisoner is subsequently transferred to a new institution. *See Preiser v. Newkirk*, 422 U.S. 395 (1975) (holding that due to prisoner's transfer there was no continuing case or controversy, that the prisoner's claims for injunctive and declaratory relief were moot, and remanding with instructions to dismiss the case); *Pearson v. Welborn*, 471 F.3d 732, 743 (7th Cir. 2006) (stating that once inmate was transferred his prayer for declaratory relief largely dropped out of the picture). Defendants assert in their motion for summary judgment that plaintiff's transfer to a new prison moots not only his claim for injunctive relief, but also his claims for declaratory relief. The magistrate recommended that summary judgment be entered in favor of the remaining defendants on plaintiff's claims for declaratory relief based on a finding of mootness.

      Although the Court agrees that this recommendation was proper as to the local defendants (the FCI-Greenville defendants who have already been granted summary judgment in this case), the Court cannot find that this standard applies in the same manner to all of the claims raised against the national defendants. The logic in dismissing the claims against the *institutional* defendants once a prisoner has been transferred is clear. The transfer moots the plaintiff's injunctive and declaratory relief claims against those institutional defendants. But the same rationale does not necessarily apply to each of the national defendants. With respect to defendant Hawk-Sawyer, it simply is not as critical to the claim against those defendants *where* plaintiff is housed because the plaintiff's claim is that she unconstitutionally applied national standards, not local institutional rules and regulations.

      "When a prison regulation impinges on inmates' constitutional rights, the regulation is

valid if it is reasonably related to legitimate penological interests." *Turner v. Safley*, 482 U.S. 78, 79 (1987). Courts consider four factors in determining the reasonableness of the regulation at issue: (1) whether there is a valid, rational connection between the prison regulation and the legitimate governmental interest put forward to justify it; (2) whether there are alternative means of exercising the rights that remain open to prison inmates; (3) the impact accommodation of the asserted constitutional right will have on guards and other inmates, and on the allocation of prison resources generally; and (4) the absence of ready alternatives. *Id.* at 79-80. If the regulation strikes a reasonable balance between the interest in religious liberty and the needs of prison safety and security, the prisoner must lose his free-exercise claim. *Reed v. Faulkner*, 842 F.2d 960, 962 (7th Cir. 1988).

In this case, the record reflects that plaintiff has not presented a case or controversy as to defendant Hawk-Sawyer. Plaintiff has not shown, nor is there anything in the record to reflect that Hawk-Sawyer ever received, considered, or addressed any of plaintiff's complaints or appeals. Just being in a position of authority within the BOP without more is not enough to establish a claim against her, and Hawk-Sawyer is, therefore, entitled to summary on plaintiff's First Amendment claims, and the Court **GRANTS** defendant Hawk-Sawyer's motion for summary judgment on plaintiff's First Amendment claims.

The record is different, however, as to the actions of Hershberger. Like the local defendants, once plaintiff was transferred out of Hershberger's region, plaintiff's First Amendment claims became moot, and defendant Hershberger's motion for summary judgment on plaintiff's First Amendment claims is, accordingly, **GRANTED**.

## CONCLUSION

Accordingly, plaintiff's objection (Doc. 53) is **OVERRULED**, and the magistrate's recommendation (Doc. 52) is **ADOPTED**.

The Court sua sponte **DISMISSES** plaintiff's claims for declaratory and injunctive relief against defendants Kathleen Hawk-Sawyer and G.L. Hershberger based on plaintiff's request that the Bureau of Prisons recognize the Christian Identity Religion for lack of jurisdiction.

The Court **GRANTS** defendant Kathleen Hawk-Sawyer's and G.L. Hershberger's motion for summary judgment on plaintiff's First Amendment claim related to his treatment during the time he was housed at FCI-Greenville, and judgment is entered in favor of defendants Kathleen Hawk-Sawyer and G.L. Hershberger and against plaintiff Russell Lee Keith on his First Amendment claim.

The Clerk of the Court is **DIRECTED** to enter judgment accordingly.

**IT IS SO ORDERED.**

**DATED:     28 September, 2007**


                              s/ WILLIAM D. STIEHL
                                   **DISTRICT JUDGE**